IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TD BANKNORTH, N.A., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-4810 |
| | : | |
| v. | : | |
| | : | |
| HUGH D. SUMMERS, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

Slomsky, J.                                                                                                February 25, 2009

**I.      INTRODUCTION**

Before the Court is Plaintiff's Motion for Summary Judgment seeking a judgment of foreclosure on real property, and Defendant's Response. This action was brought by Plaintiff TD Banknorth, N.A. ("TD Banknorth") to foreclose on a $925,000.00 commercial mortgage note (the "Mortgage) issued to Defendant Hugh Summers in August, 1990, by TD Banknorth's predecessor in interest, The Bank of Chester County. (Pl. Compl. at 2.) The Mortgage was amended several times, but the terms relevant to this dispute were unchanged by the amendments.

The property covered by the Mortgage is located at 101 Love Road, Cumru Township, Berks County, Pennsylvania (the "Property"). (Id. at 4.) The Mortgage provides that upon the occurrence of one or more events of default, the entire unpaid balance of the principal, accrued interest, and all other amounts secured by the Mortgage shall, at the option of Plaintiff, become immediately due and payable. (Exh. C to Pl. Compl., Mortgage at ¶10.) The Mortgage further provides that Plaintiff shall be entitled to recover the cost of suit and other expenses, including

attorneys fees, incurred in an action to enforce the Mortgage. (Id. at ¶10(a).) An event of default under the Mortgage includes, *inter alia*, the following: (1) "the failure to pay when due any installment of principal, interest, or any other sum required to be paid under the Note or Mortgage;" (2) "the institution of any proceedings under federal bankruptcy laws in which the Mortgagor is a named bankrupt;" and (3) "the placement of any lien or encumbrance upon the Property without the prior written consent of [Plaintiff]." (Id. at ¶9 and ¶10.)

When Defendant purchased the Property, Wachovia Bank ("Wachovia") had a lease with the prior owner to operate a branch office on the property, and Defendant assumed this lease. (Pl. Statement of Undisputed Material Facts, at 5.) Wachovia and Defendant, with the consent of Plaintiff and its predecessor bank, entered into an agreement that Wachovia would forward its monthly rent payments to Plaintiff in order to satisfy Defendant's monthly mortgage payments owed to Plaintiff. (Ex. DX-2 to Def. Ans., Assignment of Rents and Leases.) At some point during or after 1997, Defendant began having continuing problems with the Internal Revenue Service ("IRS"), which resulted over time and through the beginning of 2007 in IRS liens being placed on the Property. (Pl. Compl. at 5-6.) The IRS placed a levy on the rent payments, which Wachovia then sent to the IRS to cover Defendant's financial obligation to the IRS. (Pl. Statement of Undisputed Material Facts, at 7.) As a consequence, mortgage payments were not made to Plaintiff. These events triggered the events of default under the Mortgage that led to Plaintiff filing the foreclosure action before this Court.

Plaintiff has established that the following events occurred since the Mortgage was entered into:

    (A)  The United States of America filed tax liens against the Property on July 7,

1997 (which was refiled June 27, 2003), December 11, 2006, February 15, 2007, and August 15, 2007. (Exhs. F, G, H, I, and J to Pl. Compl., Tax Liens.) On December 17, 2003, the United States obtained a judgment against Defendant in the amount of $647,749.86. An Abstract of Judgment in that amount was filed against Defendant on June 28, 2006, subjecting the Property to a judgment lien. (Exh. K to Pl. Compl., Abstract of Judgment.)

(B) Defendant has failed to make principal and interest payments due to Plaintiff under the Mortgage for a number of months. As noted, Wachovia sent the rent payments to the IRS and not to Plaintiff, which caused the monthly mortgage obligation to be in default. Initially, Plaintiff was not paid from September 2007 until February 2008. The record is unclear as to exactly how many months' payment remain outstanding, as some payments may have been made after this action was instituted. However, Plaintiff has established that at least payments for September and October of 2007 were not paid, and remain outstanding. (Pl. Compl. at 4-5.)

Plaintiff alleges that each of the above events constitutes an event of default under the Mortgage, and entitles Plaintiff to Summary Judgment on its foreclosure claim.[1]

Defendant claims that none of the above events constitute an event of default under the Mortgage, despite not producing any document relieving him of liability for acts of default under the Mortgage. Defendant claims that Plaintiff consented to placement of liens on the property by entering into a "Second Note Modification" with Defendant on February 23, 2005, after at least

---

[1] Plaintiff has also alleged that on November 15, 1995, a petition naming Defendant as a debtor was filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania, and again on October 9, 1998, a Chapter 7 bankruptcy petition naming Defendant as a debtor was filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania. (Pl. Compl. at 7.) Plaintiff seems to have abandoned Defendant's bankruptcies as a reason for foreclosure in Plaintiff's Motion for Summary Judgment. The Court will decide the Motion for Summary Judgment based on the other alleged events of default.

one lien was placed on the Property without Plaintiff's prior consent. (Def. Ans. at 2.) Defendant claims that by entering into the Second Note Modification after a lien was placed on the Property, Plaintiff waived its right to object to placement of liens on the Property. (Id.) Despite this contention, however, three of the four tax liens, and the sole judgment lien, were placed on the property after the parties entered into the Second Note Modification.

Defendant also argues that although the monthly payments for September and October of 2007 have not been paid, this does not constitute an event of default under the Mortgage. (Id. at 3.) As described above, when Defendant purchased the Property, the seller of the Property assigned to Defendant a commercial lease on the Property dated June 14, 1982, which permitted the lessee, Wachovia, to locate a branch office on the Property. (Pl. Statement of Undisputed Material Facts, at 5.) Under the various lease agreements entered into by Defendant and Wachovia, Wachovia is required to make a monthly rent payment directly to Plaintiff in order to satisfy the monthly mortgage payment owed by Defendant to Plaintiff. (Ex. DX-2 to Def. Ans., Assignment of Rents and Leases.) Defendant argues that because Defendant assigned the obligation to make rental payments to Wachovia, and the IRS improperly levied those payments, preventing the payments from being paid to Plaintiff, Defendant is freed from his obligation to make rental payments to Plaintiff. (Def. Ans. at 2.) Defendant claims that it was Plaintiff's obligation to take legal action to remove the IRS's allegedly wrongful levy, and that because Plaintiff failed to do so, Plaintiff's failure to receive the rental payments is not an event of default under the Mortgage. (Id.)

Plaintiff initially sued in this case the United States Government, as well as Mr. Summers, in order to remove the liens, but prior to filing its Motion for Summary Judgment,

Plaintiff settled with the United States, and the United States is no longer a party to this action. (Pl. Mot. for Summary Judgment at 2-3).

Oral argument was heard on Plaintiff's Motion for Summary Judgment on November 13, 2008, and the issues presented in the Motion are now ripe for decision.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law.  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  Liberty Lobby, 477 U.S. at 247-49.

In ruling on a motion for summary judgment, the Court must view the evidence, and make all reasonable inferences from the evidence, in the light more favorable to the nonmoving party.  Liberty Lobby, 477 U.S. at 252.  Whenever a factual issue arises that cannot be resolved without a credibility determination, at this stage the Court must credit the nonmoving party's evidence over that presented by the moving party.  Liberty Lobby, 477 U.S. at 255.  The nonmoving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion.  Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Liberty Lobby, 477 U.S. at 249).  Further, the non-moving party

5

cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury. Liberty Lobby, 477 U.S. at 251-52.

**III.   DISCUSSION**

Plaintiff contends that summary judgment is appropriate because various events of default occurred under the terms of the Mortgage. Defendant does not dispute that the events occurred, indicating that there is no genuine issue of material fact regarding these allegations, but rather disputes the legal consequences of those events. The question of whether the events constitute default under the Mortgage is a question of law for the Court to decide, and a decision on summary judgment is appropriate.

**A.   The Placement of Liens on the Property**

Plaintiff argues that the placement of liens on the Property are events of default under the clear and unambiguous terms of the Mortgage. Defendant does not dispute that the Mortgage, by its terms, prohibits the placement of liens on the Property without the Plaintiff's permission. Instead, Defendant argues that Plaintiff waived the right to object to the placement of liens on the Property by failing to object to placement of the first lien on the Property, and entering into the Second Note Modification after the first lien was placed on the Property. In opposition to this argument, Plaintiff contends that the "plain language of the Mortgage itself . . . expressly provides that the failure to exercise a right or remedy is not a waiver or release of that right or remedy:

> The rights and remedies of Mortgagee as provided herein, or in said Note, and the warrant therein contained, shall be cumulative and concurrent, and may be pursued singly, successively, or together at the sole discretion of Mortgagee, and may be exercised as often as occasion therefor shall occur; and *the failure to exercise any such right or remedy shall in no event be construed as a waiver or release of the same.*

(Pl.Mem. in Support of Mot. for Summary Judgment, at 9.)  Furthermore, the Mortgage also specifies that the remedies available upon default may be exercised "at the option of [Plaintiff]." (Id.).

Based upon the clear language in the Mortgage, Plaintiff did not waive its right to declare the Mortgage in default by entering into the Second Note Modification with Defendant. Moreover, Plaintiff did not waive its right to object to the placement of liens on the Property by failing to object to such liens in the first instance.  Plaintiff's initial leniency with Defendant, in not declaring a default immediately upon the placement of the first lien, does not prevent Plaintiff from enforcing its rights under the Mortgage when Plaintiff, at its option, determines that such enforcement becomes necessary to protect its interest.

The above conclusion is supported by case law.  A waiver is an "intentional relinquishment of a known right."  Consolidated Rail Corp. v. Delaware & Hudson R. Co., 569 F. Supp. 26, 29 (E.D. Pa. 1983); Brown v. Pittsburgh, 186 A.2d 399, 401 (Pa. 1962).  Under this standard, and for the moment disregarding the plain language of the Mortgage—providing that the failure to exercise a right does not constitute waiver of that right—Plaintiff could only have waived its right to object to the liens in place upon the Property before the Second Note Modification in 2005.  Plaintiff did not assume the risk that additional liens would be levied on the Property one and two years after entering into the Second Note modification.  Therefore, any

waiver regarding prior liens would not operate as a waiver of Plaintiff's right to object to subsequently placed liens.  See Brown, 186 A.2d at 401 ("To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it.").  Even if, as Defendant claims, the Second Note Modification acted as a waiver of the liens placed on the Property prior to the Modification, the Second Note Modification could not act as a prospective waiver of Plaintiff's right to object to liens placed on the Property after the Second Note Modification became effective.  Therefore, Plaintiff has not waived its right to object to placement of liens on the Property as an event of default under the Mortgage, and Plaintiff's Motion for Summary Judgment must be granted on this ground.

### B. Failure of Plaintiff to Receive Rental Payments Due

Plaintiff is also entitled to summary judgment because Defendant failed to make rental payments to Plaintiff for a number of months, including at least September and October, 2007.  This constitutes another default under the Mortgage, entitling Plaintiff to foreclosure on the Property.  Defendant does not deny that Plaintiff has not received the payments it is due under the Mortgage, but Defendant contends that the failure of Plaintiff to receive payments is not Defendant's responsibility, and therefore should not constitute an event of default under the Mortgage.

The Mortgage provides that Defendant shall be obligated to make certain monthly payments to Plaintiff, and if such payments are not made, the Mortgage is considered in default and Plaintiff is entitled to bring a foreclosure action, or take other action to enforce the Mortgage.  Through an agreement with the lessee of the Property, Wachovia Bank, Defendant had Wachovia

send its monthly rent payment directly to Plaintiff in order to satisfy the monthly mortgage payment Defendant owed to Plaintiff.

In an effort to collect unpaid taxes from Defendant, the IRS filed several tax liens against the Property and obtained a judgment in this Court, which was filed in the Office of the Berks County Prothonotary on June 28, 2006. Subsequently, in 2007, the IRS issued a levy on Wachovia, which resulted in Wachovia paying the monthly rent to the IRS, rather than to Plaintiff. In response to the levy, which Defendant contends was improperly issued, Plaintiff did not receive rent payments for September 2007 to February 2008, although in settling with the IRS, Plaintiff has reduced the default in rent payments to the months of September and October, 2007. Plaintiff and Defendant seem to agree that the levy issued by the IRS was wrongful, but the fact remains that the Mortgage payments due to Plaintiff for these months have not been paid.

Defendant argues that his assignment of Wachovia's rental payments to Plaintiff, with Plaintiff's consent, relieves Defendant of the obligation to ensure that Plaintiff received the Mortgage payments. This contention is not supported by Pennsylvania law.

> It is basic contract law that an initially obligated party cannot delegate his responsibility by agreement with a third person. Collier v. Amerada Hess Corp., [No. 90-5331,] 1992 WL 10445 at *1 (E.D. Pa. [Jan. 21,]1992) (quoting Husak v. Berkel, Inc., 341 A.2d 174, 179 ([Pa. Super. Ct.] 1975), citing in turn *Restatement of Contracts* §160(4) (1932), Saxe v. Feinstein, 366 Pa. 473, 77 A.2d 419 (1951); Beach v. Morris, 12 Serg. & R. 16 (Pa. 1824); and 3 S. Williston, *A Treatise on the Law of Contracts* § 411 (3d ed. 1960)).

In other words, Defendant's agreement with Wachovia, whereby Wachovia would pay the rent due under Wachovia's Lease with Defendant directly to Plaintiff in order to satisfy Defendant's monthly mortgage payments, does not relieve Defendant of his legal obligation to ensure that

those payments are made. If, for any reason, the third party, Wachovia, failed to make the payments to Plaintiff, it was Defendant's continuing obligation to ensure that Plaintiff received payment. See Collier, 1992 WL 10445 at *1 ("A party with an original obligation to another cannot divest himself of liability to that party merely by contracting with a third party to assume that liability."). No contract between Defendant and a third party could obviate this obligation. Husak, 341 A.2d at 179 ("Neither the delegation of performance by an obligor, nor a contract with the obligor by the person to whom the performance is delegated to assume the obligor's duty, extinguishes or prevents recovery of damages from him if the duty is not performed.").

In this case, the payments from Wachovia to Plaintiff were levied upon by the United States Government. Whether or not the levy was wrongful is not material to the motion before this Court. In entering into the Mortgage with Defendant, Plaintiff's predecessor bank, and thereafter Plaintiff, did not assume the risk that if a creditor of Defendant, here the IRS, placed a wrongful levy on the property that caused the rent not to be paid to Plaintiff, that such levy would excuse Defendant's obligation to make monthly rental payments. The only pertinent fact is that Plaintiff did not receive the payments it was due under the Mortgage. Defendant is responsible for those payments, and they were not made. Under these circumstances, Plaintiff is entitled to summary judgment on its foreclosure action. See Husak, 341 A.2d at 179.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TD BANKNORTH, N.A., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-4810 |
| | : | |
| v. | : | |
| | : | |
| HUGH D. SUMMERS, | : | |
| | : | |
| Defendant. | : | |

## JUDGMENT ORDER

AND NOW, this 25th day of February, 2009, upon consideration of Plaintiff TD Banknorth's Motion for Summary Judgment (Doc. No. 15), Defendant Hugh Summer's Response (Doc. No. 20), and following the oral argument held November 13, 2008, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.

It is FURTHER ORDERED that a Judgment of foreclosure is hereby ENTERED in favor of Plaintiff and against Defendant on Defendant's commercial real property located at Route 10 and Interstate 176, also known as 101 Love Road, Cumru Township, Berks County, Pennsylvania, in the amount of $962,865.47 together with *per diem* interest of $193.53 after May 28, 2008 until the date of judgment, plus post-judgment interest from the date of judgment.

The Clerk shall close the case.

BY THE COURT

s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.